UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

ALLAN HARDY,                                          Civil File No. 08-6033 (JMR/AJB)

          Petitioner,

    v.                                                         **REPORT AND RECOMMENDATION**

DEPARTMENT OF CORRECTIONS,

          Respondent.

_____

      This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2254.  The matter has been referred

to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local

Rule 72.1.  For the reasons discussed below, it is recommended that this case be

summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In

The United States District Courts.[1]

## I. BACKGROUND

      On September 22, 2008, Petitioner pled guilty in the state district court for Ramsey

County, Minnesota, to a charge of third degree burglary.  (Petition, [Docket No. 1], p. (2).)

He was sentenced to 20 months in prison, and he is currently serving his sentence at the

Minnesota Correctional Facility in St. Cloud, Minnesota.  (Id.)  Petitioner did not file a direct

appeal after he was sentenced, nor has he initiated any other motions or proceedings

challenging his conviction or sentence.  (Id., pp. (2) - (3), ¶s 8, 10 and 11.)

_____

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."

Petitioner's current habeas corpus petition lists four grounds for relief, which Petitioner has identified as follows:

(1) "Im [sic] on somekinda [sic] video."

(2) "DOC cant [sic] protect me from perpatrators [sic]."

(3) "Proof of witchcraft being used on me."

(4) "Hit.  I keep getting assulted [sic] by perpatrators [sic]."

(Petition, pp. (5) - (6); ¶ 12.)

Petitioner is seeking a writ of habeas corpus that would cause him to be released from custody, because he allegedly is "not safe."  (Id., p. (6), ¶ 12.D.)  However, the Court finds, for the reasons discussed below, that Petitioner's current claims for relief cannot be entertained in a federal habeas corpus proceeding.  The Court will therefore recommend that this action be summarily dismissed.

## II.  DISCUSSION

A federal district court may entertain a habeas corpus petition filed by a state detainee "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In other words, federal habeas corpus relief is available only for violations of federally protected rights.  The Supreme Court has said that "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."  Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) (emphasis added).

The present petition makes no reference to the federal Constitution or any federal law.  The only law mentioned in the petition is "Chapter 626," which presumably is a reference to Minn.Stat. §§ 626.01 et seq.  Chapter 626 pertains to Minnesota state search

warrant procedures, and other Minnesota law enforcement matters.  It is well settled, however, that federal habeas corpus relief is not available for claims based on state law.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States.")

Again, Petitioner has not identified any federal constitutional basis for any of his claims in this case.  The United States Constitution is never specifically mentioned or alluded to anywhere in the petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here.  Because no federal constitutional dimension can be found in any of Petitioner's claims for relief, his petition cannot be entertained in federal court.[2]

## III. CONCLUSION

Because Petitioner has not identified any federal constitutional basis for any of his current claims for relief, his habeas corpus petition cannot be entertained in federal court.

---

[2] Even if Petitioner had identified some federal constitutional basis for his current habeas corpus claims, (or even if he attempted to amend his current petition to include some claim(s) based on the Constitution), this action still would have to be summarily dismissed, because it clearly appears that Petitioner has not previously presented any federal constitutional claims to the Minnesota state courts.  It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first raised his claims in the state courts.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  See also McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").  Because Petitioner has not previously raised any claims in the state courts, his current petition would have to be dismissed even if it did include some viable constitutional claim.

The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 2.)  That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be

**SUMMARILY DENIED**;

3.  This action be **DISMISSED WITH PREJUDICE**.

Dated:   November 18, 2008


    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 3, 2008.